CITIZENS STATE BANK of Fairfax, Minnesota, a corporation, and FRED A. DALLMANN, Respondents, v. KENMARE NATIONAL BANK, a corporation, and A. P. SCOFIELD, Sheriff of Ward County, North Dakota, Appellants.

(186 N. W. 755.)

**Mortgages — vendor and purchaser — vendor had no substantial interest in land attached; attaching creditor of vendor was not in law a redemptioner.**

The defendant bank brought an action against one M. L. Summerville, and attached the land which he had theretofore sold on written contract to one Dallmann, for which full settlement was made, according to the terms of the contract, and promissory notes secured by a mortgage on the land were taken for the balance of the purchase price. A certain mortgage against the land which was not assumed by Dallmann was foreclosed. The defendant bank claimed the right, by reason of the alleged attachment lien, to redeem from such foreclosure. The certificate of foreclosure was assigned to the plaintiff bank, and it refused to receive the redemption money deposited with the sheriff by the defendant bank. Later the sheriff issued to the latter a sheriff's deed. It is *held* that Summerville had no substantial interest in the land when attached; that he held the title thereof merely in trust for Dallmann; that the defendant bank was not in law a redemptioner; that the sheriff's deed issued to it was a nullity.

Opinion filed Jan. 31, 1922

An appeal from a judgment of the District court of Ward county, *Leighton, J.*

Judgment affirmed.

*Fisk, Murphy & Nash* for appellants.

"Under certain circumstances the vendor becomes the trustee of the title for the benefit of the vendee, and the vendee becomes the trustee of the purchase money for the benefit of the vendor, but this doctrine applies only in equity."   Cummings v. Duncan, 22 N. D. 534.

Dallmann's possession does not alter the situation.   His possession was simply that of his vendor.   Burke v. Scharf, 19 N. D. 234.

*P. M. Clark,* for respondents.

"In order for realty to be attachable, it is essential that the debtor have some beneficial interest in the land.   The bare legal title, or instantaneous seizin, would be insufficient, at least as against the equitable owners, where the attaching party has, or is bound by law to take, notice of the paramount outstanding equitable title."   6 C. J. 202.

"It is a well settled rule that the lien of an attachment does not exceed the  actual interest the debtor had in the property at the time of the levy; and that if, at the time, all title and interest therein have passed from the debtor to a third person, the attaching creditor gets nothing by the levy.   And an attachment lien on land is subject  to every equity which exists against the debtor at the time of the levy, and the courts of equity will so limit it."   2 R. C. L. on p. 657, ¶ 69.

"An attachment under a writ against a vendor of real property in the possession of the vendee, under a contract of purchase, is neither a lien on the property nor on the unpaid purchase money; and where personal property is attached under a writ, against a purchaser in possession under a conditional sale, the attachment is not a lien on the property."   Burke v. Johnson, 37 Kan. 337, 15 Pac. 204.

GRACE, C. J.   This is an action to determine adverse claims to the northeast quarter of section 26, township 160, and range 88.   These are the material facts:

On or about the 21st day of May, 1917, Dallmann contracted to buy the northeast quarter of section 34, township 160, range 88, from M. L. Summerville, and made an initial payment of $1,500.   On the 29th day of September, 1917, by mutual agreement between him and Summerville, another quarter section of land, the northeast quarter of 26, of the same township and range, was substituted in place of the one originally purchased, and Dallmann given credit for the $1,500 on the purchase price of the latter tract.   He also assumed a mortgage for $2,200, on

which there had been paid $150, leaving a balance of $2,050. The purchase price of the land was $9,000. For the balance of the purchase price Dallmann and his wife executed their promissory notes, payable at various intervals, and secured the same by a mortgage on the land. The notes and mortgage were dated May 21, 1917, and the latter was acknowledged on the 29th day of September of that year. The terms of the sale were contained in a written contract, which was signed by both Dallmann and Summerville.

During the year 1917 the defendant the Kenmare National Bank brought a creditor's action against Summerville, and on the 30th day of October of that year attached the land. At the time of the attachment the record title was still in Summerville. On the 1st day of October, 1917, Dallmann, with his family, moved onto the land, and have ever since remained there. No notice of the attachment proceedings was served on him, though at that time he was in possession of and occupying the land. The defendant bank does not assert any rights under the recording act.

When Dallmann purchased the land, there was, in addition to the mortgage he assumed, a small second mortgage of $288 against the land to the State Loan Company of Kenmare, and which was payable in installments, which, for default in the failure of payment of two installments thereof, it foreclosed, and a sheriff's certificate was issued to it. On the 30th day of September, 1918, the Citizens' State Bank of Fairfax took an assignment of the sheriff's certificate from the loan company and duly recorded the same, and later demanded a sheriff's deed. On the same date that it acquired the sheriff's certificate it took an assignment of the mortgage. It had also taken an assignment of the mortgage executed by Dallmann to Summerville, and had paid Summerville for it and the notes it secured the full amount of the notes, except some small discount.

On June 1, 1919, Sheriff Scofield of Ward county, N. D., wrote the plaintiff a letter, stating that a redemption was made from the foreclosure, and that a certain amount of money had been deposited in his office for such purpose, and requested the surrender of the sheriff's certificate for redemption. The plaintiff refused to accept the money, and did not surrender the sheriff's certificate. The defendant bank sought to redeem, by reason of its alleged lien of attachment. A sheriff's deed was issued to it on the 30th day of July, 1919.

The only material question presented is whether, in these circumstances, the attachment lien was of any force or effect; if Summerville had no substantial interest in the land at the time of the attachment proceeding, there was nothing accomplished by it. In other words, no valid attachment lien was acquired. On September 29, 1917, Dallmann made full settlement for the purchase price of the land, as hereinbefore stated, and was, under the terms of the contract, then entitled to a deed from Summerville. There remained in Summerville at that time no beneficial interest in the land, but he had by the mortgage a lien thereon, securing the balance of the unpaid purchase price. He might have been compelled at that time, by an action of specific performance, to deliver the deed, had he refused to do so.

As we view the situation, at the time of the attachment of the land Summerville held a mere naked legal title to it, in trust for Dallmann, which he was bound to deliver to him. There is evidence that shows that Summerville did execute the deed on the 29th day of September, and that it was taken by him to Minneapolis in order to have his wife sign it. The deed of Summerville and wife of the land was delivered to Dallmann. Whether it was delivered at or about the time of the settlement of the transaction, or on the 12th day of November, as contended by defendant bank, we think is immaterial. At all times since the 20th day of September he was charged with the duty of delivering it, and was bound to do so. On that date the contract of purchase had been wholly performed by Dallmann.

In these circumstances, there was no lien acquired .by the attachment. The defendant bank had thereby acquired no interest in the land, and could not be a redemptioner. The sheriff's deed issued to it was therefore a nullity.

The action is one in equity, and the plaintiff is entitled to the equitable relief which it received in the district court. The judgment of that court should be affirmed. It is affirmed. The respondents are entitled to their costs and disbursements on appeal.


BIRDZELL, BRONSON, ROBINSON, and CHRISTIANSON, JJ., concur.